# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 12, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| SALLY HERMS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-70V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

John F. McHugh, Law Office of John McHugh, New York, NY, for Petitioner.
Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 15, 2019, Sally Herms ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving a diphtheria tetanus toxoid acellular pertussis ("DTaP") vaccine on June 18, 2017, she suffered a "loss of hearing on her left side and constant loud tinnitus." Petition at Preamble (ECF No. 1).

On March 4, 2024, the undersigned issued a decision denying entitlement. Decision dated Mar. 4, 2024 (ECF No. 142). Subsequently, Petitioner filed a motion for review in the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Court of Federal Claims which was denied.  Opinion & Order dated July 29, 2024 (ECF No. 150).  On October 2, 2024, Petitioner appealed to the Court of Appeals for the Federal Circuit.  Notice of Appeal, filed Oct. 2, 2024 (ECF No. 153).  The Federal Circuit appeal is currently pending and is docketed as case number 25-1007.  Id.

On November 11, 2024, Petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorney and paralegal who worked on her case and reimbursement of Petitioner's expenses.  Petitioner's Interim Fee and Cost Application ("Pet. Mot."), filed Nov. 11, 2024 (ECF No. 155).  Petitioner's request can be summarized as follows:

**Attorney's Fees** – $91,496.50
**Petitioner's Costs –** **$5,040.00.**

Petitioner thus requests a total of $96,536.50.

Respondent requested briefing on Petitioner's interim fee application be stayed until the resolution of her Federal Circuit appeal.  Motion to Stay Briefing on Pet Mot., filed Nov. 22, 2024 (ECF No. 156).  The undersigned denied Respondent's motion to stay briefing.  Order dated Jan. 31, 2025 (ECF No. 158).  On February 24, 2025, Respondent filed a response arguing that Petitioner's attorneys' fee award should be reduced.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 24, 2025, at 1-2 (ECF No. 161).  In support of reducing Petitioner's fee award, Respondent first asserts that Petitioner's claim lost reasonable basis after the undersigned issued her decision denying entitlement, and second, argues that the undersigned should reduce Petitioner's attorneys' fees to account for Petitioner's counsel's inefficient performance.  Id. at 5, 8.  Petitioner did not file a reply.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $70,118.64 in attorneys' fees.

I.   DISCUSSION

   A.   **Reasonable Basis**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

"Good faith" is a subjective standard.  Hamrick v. Sec'y of Health & Hum. Servs.,

2

No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The standard for finding good faith has been described as "very low," and findings that a petition lacked good faith are rare. Heath v. Sec'y of Health & Hum. Servs., No. 08-86V, 2011 WL 4433646, at *2 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

"Reasonable basis," however, is an objective standard. Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in her claim. See Turner, 2007 WL 4410030, at *6. Instead, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." Amankwaa v. Sec'y of Health & Hum. Servs., 138 Fed. Cl. 282, 289 (2018); accord Cottingham v. Sec'y of Health & Hum. Servs., 971 F.3d 1337 (Fed. Cir. 2020). "More than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." Cottingham, 971 F.3d at 1346; see also James-Cornelius ex. rel. E. J. v. Sec'y of Health & Hum. Servs., 984 F.3d 1374, 1379 (Fed. Cir. 2021) (reiterating "the quantum of objective evidence needed to establish reasonable basis for a claim, including causation, is 'lower than the preponderant evidence standard required to prove entitlement to compensation,' but 'more than a mere scintilla.'").

In discussing the reasonable basis requirement in Cottingham, the Federal Circuit stressed the prima facie petition requirements of § 11(c)(1) of the Act. 971 F.3d at 1345-46. In James-Cornelius, the Federal Circuit stated that medical records, affidavits, and sworn testimony all constitute objective evidence to support reasonable basis. 984 F.3d at 1379-81 (Fed. Cir. 2021). The Federal Circuit further clarified that "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has reasonable basis." Id. at 1379 (citing Cottingham, 971 F.3d at 1346).

Reasonable basis must exist at all stages of a case and a claim may lose reasonable basis as the case progresses. R.K. v. Sec'y of Health & Human Servs., 760 Fed. App'x 1010, 1012 (Fed. Cir. March 15, 2019); see also Pereira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1376-77 (Fed. Cir. 1994). There is no separate test for determining whether a motion for review has reasonable basis. Matthews v. Sec'y of Health & Hum. Servs., No. 19-414V, 2022 WL 12184251, at *7 (Fed. Cl. Spec. Mstr. Sept. 23, 2022) (citing Morse v. Sec'y of Health & Human Servs., 93 Fed. Cl. 780 (2010)). Further, "[a]n appeal having a small chance for success is not for that reason alone frivolous." Morse, 93 Fed Cl. at 789. Additionally, while appeals of fact findings face a highly deferential standard of review, the Federal Circuit "do[es] not hold that all appeals . . . . challenging a special master's factual findings lack a reasonable basis." R.K., 760 Fed. App'x at 1013. Rather, a special master acts within her discretion in determining denying fees and costs for such an appeal. Id.

Respondent does not challenge that the claim brought in good faith, and Respondent concedes that Petitioner had reasonable basis when she brought the claim. Resp. Response at 1. Consistent with the above requirements for establishing reasonable basis, Petitioner filed medical records, experts reports from Dr. Arthur Brawer and Dr. Marcel Kinsbourne, and a letter from her treating physician addressing causation. See, e.g. Pet. Ex. 62; Pet. Ex. 10; Pet.

Ex. 50; Pet. Ex. 163.  Ultimately the undersigned found that this evidence did not meet the preponderant standard required for entitlement.  Decision at 1.  This objective evidence did, however, establish a reasonable basis for Petitioner's motion for review.

Respondent asserts that Petitioner lost reasonable basis for her claim when she filed a motion of review of the undersigned's March 2024 Decision denying compensation.  Resp. Response at 5-8.  Respondent argues that Petitioner's motion for review was based on "wrong and indefensible arguments" and notes that Court of Federal Claims "properly rejected" Petitioner's arguments. Id. at 6., 8.  Accordingly, Respondent asserts that Petitioner lost reasonable basis for her claim when she appealed.  Id. at 8.

While Petitioner's motion for review was not successful, given that the record included an opinion by a treating physician as well as two expert reports, there was evidence supporting Petitioner's allegations to support the motion.  The claim, including the motion for review, appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant attorneys' fees to be paid and the matter has been protracted for several years.

**B.     Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

   1.   **Hourly Rates**

Petitioner requests the following hourly rates for the work of Mr. John McHugh: $460.00 per hour for work performed in 2019, $475.00 per hour for work performed in 2020, $490.00 per hour for work performed in 2021; $505.00 per hour for work performed in 2022; $520.00 per hour for work performed in 2023; and $535.00 for work performed in 2024. Petitioner also requests $150.00 per hour for work performed by a paralegal in 2020.

The undersigned finds Mr. McHugh's requested rates for each year to be excessive and inconsistent with the rates he has been previously awarded. First, the undersigned notes that she has previously awarded Mr. McHugh a reduced rate of $454.00 per hour for 2019, $460.00 per hour for 2020; $470.00 per hour for 2021; and $480.00 per hour for 2022. See, e.g., O'Neal v. Sec'y of Health & Human Servs., No. 16-122, 2021 WL 320616, at *3 (Fed. Cl. Spec. Mstr. Jan. 5, 2021) ("O'Neal I"); O'Neal v. Sec'y of Health & Hum. Servs., No. 16-122V, 2023 WL 4183465, at *2 (Fed. Cl. Spec. Mstr. May 23, 2023) ("O'Neal II"). Next, other special masters have awarded Mr. McHugh a reduced rate of $490.00 per hour for work done in 2023. Larson v. Sec'y of Health & Hum. Servs., No. 16-633V, 2024 WL 3913516, at *4 (Spec. Mstr. Fed. Cl. July 18, 2024) (reducing Mr. McHugh's hourly rate for 2020, 2021, 2022, and 2023).

Mr. McHugh's rates have not been set for 2024. In Larson, the special master found a $10.00 rate increase between 2022 and 2023 appropriate due to "inflation and [Mr. McHugh's] general work product." 2024 WL 3913516, at *4. Likewise, the undersigned finds a $10.00 rate increase from Mr. McHugh's previously awarded 2023 hourly rate appropriate, and she will award Mr. McHugh a rate of $500 per hour for work performed in 2024.

Consistent with what Mr. McHugh has previously been awarded in the Vaccine Program, the undersigned finds the following rates appropriate, resulting in the following reductions:

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2019 | $454.00 | $6.00 | 37.95 | $227.70 |
| 2020 | $460.00 | $15.00 | 19.30 | $289.50 |
| 2021 | $470.00 | $20.00 | 54.45 | $1,089.00 |
| 2022 | $480.00 | $25.00 | 11.35 | $283.75 |
| 2023 | $490.00 | $30.00 | 23.75 | $712.50 |
| 2024 | $500.00 | $35.00 | 33.45 | $1,170.75 |
| | | | **Total Reduction** | **$3,773.20** |

Petitioner also requested an hourly rate of $150.00 per hour for work done by a paralegal. The undersigned and other special masters have previously awarded $125.00 per hour to Mr. McHugh's paralegal. See, e.g., O'Neal I, 2021 WL 320616, at *3, Deisher v. Sec'y of Health & Hum. Servs., No. 17-294, 2019 WL 5598368, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2019); Miles v. Sec'y of Health & Hum. Servs., No. 12-254V, 2018 WL 4704473, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 7, 2018). Because there is no explanation as to why a paralegal rate increase should be awarded, the undersigned awards $125.00 per hour for work done by a paralegal based on the prior awards. This results in a reduction of $75.00.[3]

## 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds that a reduction is appropriate.

---

[3] ($150.00 - $125.00) x 3.0 = $75.00.

6

First, there are several billing entries for noncompensable administrative tasks, including filing documents and mailing documents.[4] Additionally, some of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing and mailing documents), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)).

Petitioner's counsel has been previously warned against billing for noncompensable and administrative tasks and warned against block billing. O'Neal I, 2021 WL 320616, at *4 (reducing Mr. McHugh's fees because he billed for noncompenasble tasks, paralegal work performed at an attorneys' rate, and he utilized block billing); J.M. v. Sec'y of Health & Hum. Servs, No. 02-10V, 2018 WL 1514433, at *7 (Fed. Cl. Spec. Mstr. Feb. 13, 2018) (reducing Mr. McHugh's fees because his billing was vague, excessive, and he utilized block billing); Mostovoy, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (reducing Mr. McHugh's fees for spending significant time doing paralegal work).

Next, there are various entries that are vague and/or excessive. For example, on January 25, 2024, Mr. McHugh billed 1.4 hours for "Notice of Filing of the relevant missing articles." There is no explanation for why it took Mr. McHugh 1.4 hours to draft the notice of filing which is list of nine articles being filed. Another example, on March 21, 2024, Mr. McHugh billed 3.4 hours for "Drafted the following" but provided no further information on what documents he drafted.

Finally, as the undersigned detailed in her second Order to Show Cause, Mr. McHugh has litigated this case in a very inefficient manner. Order to Show Cause dated August 26, 2021 (ECF No. 94). The undersigned noted that Mr. McHugh failed to comply with necessary court orders, missed deadlines, failed to file motions for extension of time, failed to obtain the necessary medical records, and failed to prosecute the case. Id. at 2-3. The undersigned further explained that Mr. McHugh's conduct was prejudicing his client and ordered Mr. McHugh to

---

[4] See entries dated January 15, 2019 ("File petition and unsigned dec"); April 29, 2029 (" . . .file Selesnick and Shariati records"); August 19, 2019 ("File Aetna records Ex. 7 and 8"); August 29, 2019 (" . . . file Status Report"); November 15, 2019 ("File Ex. 10 Brawer report"); April 20, 2020 (" . . . File records received from of Excel Ex. 45 and Bedminster Eye and Laser, Ex 46"); May 20, 2020 ("Review and file dermatology records . . . ."); October 27, 2020 ("Prepare and mail subpoenas"); April 26, 2021 (" . . . file Ex. 61 Bedminister Eye and Ear"); July 31, 2021 (" . . . file dec from Ms. Herms and Ex 62 Dr. Shariati"); June 26, 2023 ("Draft response memo, proof and file.").

associate counsel.  Id. at 3.  The undersigned issued her first order to show cause on December 17, 2020 after Mr. McHugh missed four deadlines to file medical records.  Order to Show Cause dated Dec. 17, 2020 (ECF No. 66).  Mr. McHugh's many delays, missed deadlines, and failures to follow court orders prolonged resolution of the case.

A special master may reduce attorneys' fees when counsel inefficiently prosecutes a claim.  See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *2 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for review denied, 2011 WL 6292218 (Fed. Cl. Nov. 22, 2011) (finding that the special master's reduction of fees due to counsel's "inefficient prosecution" was not arbitrary and capricious, an abuse of discretion, or contrary to law).  The undersigned has previously reduced Mr. McHugh's fees for inefficient prosecution in similar circumstances.  Deisher, 2019 WL 5598368, at *3 (reducing Mr. McHugh's fees by 20% for inefficient prosecution after the undersigned was compelled to issues two orders to show cause).

Given Petitioner's counsel's continued issues with proper billing practices and his inefficiencies prosecuting the case, the undersigned finds a percentage reduction of 20% appropriate.  This results in a reduction of $17,529.66.[5]

### C.     Petitioner's Costs

Petitioner requests $5,040.00 for personally incurred costs.  This amount is comprised of $4,550.00 for the expert reports of Dr. Arthur Brawer and $490.00 for a visit with Dr. Samuel Selesnick.  Petitioner has not provided the necessary documentation for the reimbursement of expert costs.  The Vaccine Rules require that expert costs are substantiated by "contemporaneous time sheets showing how many hours were billed on a specific task multiplied by a proposed hourly rate."  Second Supplement to Vaccine Rules § 3(a).  Petitioner has not provided an invoice from either Dr. Brawer or Dr. Selesnick.  Without this required documentation, the undersigned is unable to evaluate Petitioner's request for reimbursement of expert costs.

Further, the Vaccine Rules require that a Petitioner seeking reimbursement of personally incurred costs provided a statement signed by both Petitioner and Petitioner's attorney indicating whether Petitioner has personally incurred costs in support of her claim.  Second Supplement to Vaccine Rules § 4(a).  Petitioner has not provided this signed statement.

Accordingly, this award does not include costs Petitioner incurred.  Petitioner should file the necessary supporting documentation in her final fees motion.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her attorney as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $91,496.50 |
| Reduction of Attorneys' Fees: | ($21,377.86) |

---

[5] ($91,496.50 - $3,773.20 - $75.00) x 0.2 = $17,529.66.

| | |
|---|---|
| Awarded Attorneys' Fees: | $70,118.64 |
| **Total Interim Attorneys' Fees and Costs:** | **$70,118.64** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $70,118.64 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                      **/s/ Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.